# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

FILED
11/22/2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    vyc    DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Silver Apple iPhone
Model: Unknown
With no identifying numbers or features

Case No. 23MJ8882

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, incorporated herein by reference.

located in the    Southern    District of    California   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:
See Attached Affidavit of Border Patrol Agent Moncerad Soto incorporated herein by reference.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Border Patrol Agent Moncerad Soto
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
   telephone    *(specify reliable electronic means)*.

Date:   11/22/2023   

_____
Judge's signature

City and state:  El Centro, California    HON. LUPE RODRIGUEZ JR., U.S. MAGISTRATE JUDGE
Printed name and title

# ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**   Silver Apple iPhone
Model: Unknown
With no identifying numbers or features
Seized from Luis Armando AGUILAR-Sanchez
**(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

# ATTACHMENT B

## ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-3 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of September 30, 2023, up to and including October 30, 2023, and is limited to the following:

a. tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d. tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e. tending to identify the user of, or persons with control over or access to, the Target Device;

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

# AFFIDAVIT

I, Moncerad Soto, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**  Silver Apple iPhone
Model: Unknown
With no identifying numbers or features
Seized from Luis Armando AGUILAR-Sanchez
**(Target Device #1)**

**A-2:**  Black Motorola
Model: Unknown
With no identifying numbers or features
Seized from Jorge Luis ARELLANES-Quintero
**(Target Device #2)**

**A-3:**  Black Motorola
Model: Unknown
With no identifying numbers or features
Seized from Martha PEREZ-Mendez
**(Target Device #3) (Collectively "Target Devices")**

as further described in Attachments A-1 to A-3, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2. The requested warrant relates to the investigation and prosecution of Luis Armando AGUILAR-Sanchez (AGUILAR) for transportation of illegal aliens Jorge Luis ARELLANES-Quintero (ARELLANES) and Martha PEREZ-Mendez (PEREZ) (collectively, the "Material Witnesses") in violation of Title 8 U.S.C. § 1324 within the Southern District of California. The Target Devices were seized from AGUILAR and the Material Witnesses on or about October 29, 2023, incident to the arrest of AGUILAR and the Material Witnesses. The Target Devices are currently in the possession of the

Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents. Dates and times are approximate.

## EXPERIENCE AND TRAINING

4. I am a United States Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since February 2016, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The 20-week Academy curriculum covers specialized training in the Immigration and Naturalization Act, criminal law, and statutory authority, as well as cross-training in Title 21, United States Code, Controlled Substances law, and in Title 19, United States Code, Customs law.

5. I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6. Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into

the United States from Mexico and transport them throughout the Southern District of California. I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities. Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7. The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens. For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors. Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to make smuggling arrangements, receive instructions, and report their locations after crossing.

8. Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example,

phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

a. tending to indicate efforts to smuggle aliens from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c. tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d. tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

# FACTS SUPPORTING PROBABLE CAUSE

10. On October 29, 2023, the El Centro Sector Intelligence Agents assigned to the Anti-Smuggling Unit (ASU) were conducting surveillance operations near Winter haven, California. At approximately 2:30 p.m., Border Patrol Agent-Intelligence (BPA-I) A. Botello was travelling through the parking lot of the Quechan Casino. While travelling through the parking lot Casino, BPA-I Botello observed a dark gray Hyundai Santa Fe bearing California license plates and immediately recognized the vehicle from a prior investigation. After observing the Hyundai, BPA-I Botello notified additional ASU Agents, as well as Calexico BPAs, of his observation and initiated surveillance on the Hyundai. Thereafter, BPA-I Botello observed the Hyundai as it drove out of the parking lot onto the westbound lanes of Interstate 8.

11. BPA-I Botello kept constant visual of the Hyundai as it travelled westbound on Interstate 8 towards Calexico. After passing the Agricultural Checkpoint, BPA-I Botello observed the Hyundai drastically reduce its speed to approximately 50 miles per hour. BPA-I Botello continued to monitor the Hyundai from a distance and watched as it slowed down, pulled over, and came to a complete stop after passing the A7 Bridge. After the Hyundai came to a complete stop, two individuals emerged from the embankment on the northside of Interstate 8, ran to the Hyundai and entered the Hyundai. The two individuals were dressed in tan clothing and, after they entered the Hyundai, BPA-I Botello observed as the Hyundai merged back onto the westbound lanes of Interstate 8 and continued traveling towards Calexico.

12. As the Hyundai passed the Gordons Well Exit, BPA-I Botello activated the emergency lights and sirens of his unmarked service vehicle and initiated a vehicle stop on the Hyundai. The Hyundai slowed down, pulled over and came to a complete stop. BPA-I Botello approached the Hyundai with Border Patrol markings and insignia fully visible and identified himself as a Border Patrol Agent to the driver, later identified as AGUILAR, and the two additional passengers, later identified as Jorge Luis ARELLANES-Quintero (ARELLANES) and Martha PEREZ-Mendez (PEREZ). BPA-I Botello questioned

AGUILAR as to his citizenship and AGUILAR admitted he was a citizen of Mexico and was present in the United States illegally. BPA-I A. Botello then questioned ARELLANES and PEREZ as to their citizenship and both admitted to being citizens of Mexico and to being present in the United States illegally. AGUILAR, ARELLANES and PEREZ admitted they made the illegal entry by climbing the border fence in an area other than through a designated Port of Entry. AGUILAR, ARELLANES and PEREZ were placed under arrest and were transported to the Border Patrol Station for processing.

13. At the Border Patrol Station, AGUILAR stated he understood his rights and was willing to answer questions without the presence of an attorney. AGUILAR stated he is a citizen and national of Mexico. AGUILAR stated he made arrangements with an alien smuggler to cross illegally into the United States. AGUILAR stated he was charged $8,500 to be smuggled into the U.S. and would get a discount if he was willing to work as a driver to pick up illegal aliens on the Interstate near the border. AGUILAR stated he saw the two individuals, a male and female, and honked at them to get inside the Hyundai SUV.

14. Material Witness ARELLANES-Quintero stated he understood his rights and was willing to answer questions without the presence of an attorney. ARELLANES stated he is a citizen of Mexico without the proper documentation to legally remain in the United States. ARELLANES stated he made smuggling arrangements with an unknown smuggler, and he agreed to pay $8,500 USD to be smuggled into the United States.

15. Material Witness PEREZ-Mendez stated she understood her rights and was willing to answer questions without the presence of an attorney. PEREZ stated she is a citizen of Mexico without the proper documentation to legally remain in the United States. PEREZ stated she made smuggling arrangements with an unknown smuggler, and she agreed to pay $8,500 USD to be smuggled into the United States. PEREZ stated her final destination was Los Angeles.

16. During a search incident to arrest of AGUILAR and the Material Witnesses, three cellphones were located. BPA-I A. Botello located a silver Apple iPhone (Target Device #1) on AGUILAR's person; one black Motorola (Target Device #2) belonging to

ARELLANES was found on his person by BPA-I A. Botello; and BPA-I A. Botello also located a black Motorola (Target Device #3) on PEREZ's person. AGUILAR, ARELLANES, and PEREZ each claimed ownership of their respective cellphones and they were seized as evidence.

17.   I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement. In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event. Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts. Given this, I respectfully request permission to search the Target Devices for data beginning on September 30, 2023, up to and including October 30, 2023, the day after the arrest of AGUILAR and the Material Witnesses.

## METHODOLOGY

18.   It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature, and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants, and have functions such as calendars and full address books, and can be minicomputers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be

7

acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

19. Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

20. Based on the foregoing, identifying, and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

21. Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that AGUILAR and the Material Witnesses used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by AGUILAR, the Material Witnesses, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Moncerad Soto Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 22nd day of November, 2023.

_____ 11:42 a.m.
HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

9

# ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**     Silver Apple iPhone
Model: Unknown
With no identifying numbers or features
Seized from Luis Armando AGUILAR-Sanchez
**(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

# ATTACHMENT A-2
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**    Black Motorola
Model: Unknown
With no identifying numbers or features
Seized from Jorge Luis ARELLANES-Quintero
**(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

# ATTACHMENT A-3
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**      Black Motorola
Model: Unknown
With no identifying numbers or features
Seized from Martha PEREZ-Mendez
**(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

# **ATTACHMENT B**

## ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-3 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of September 30, 2023, up to and including October 30, 2023, and is limited to the following:

   a.   tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   b.   tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   c.   tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   d.   tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

   e.   tending to identify the user of, or persons with control over or access to, the Target Device;

   f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.